# JOE BASSIN v. RALPH W. DOWNS AND ANOTHER.[1]

October 10, 1930.

No. 28,032.

*Benjamin Segal,* for appellant.

*Daniel F. Foley,* for respondent surety company.

[1]Reported in 232 N. W. 339.

OLSEN, C.

The trial court directed a verdict in favor of the defendant Fidelity & Deposit Company of Maryland. Plaintiff appeals from the judgment entered on the verdict so directed.

In January, 1925, plaintiff purchased from the owner thereof a promissory note and real estate mortgage securing the same. The note and mortgage were given by James A. Sanford and Luverne J. Sanford, his wife, the owners of the property mortgaged, for the amount of $6,000, but reduced by payment to $5,900 at the time plaintiff purchased. The mortgage was a second mortgage, subject to a first mortgage of $10,000. Before purchasing, plaintiff had and examined an abstract of title to the property. Attached to and a part of the abstract was a certificate made by defendant Ralph W. Downs, the county auditor of the county wherein the mortgaged property was situated, dated December 31, 1924, certifying that the taxes on the property were all paid. It subsequently developed that the taxes for 1922 and 1923, aggregating $853.90, had not been paid. Plaintiff thereafter in July, 1927, in the refinancing transaction hereinafter considered, advanced the money to pay these and other taxes on the property, and he seeks by this action to recover as damages from the Fidelity & Deposit Company, the surety upon the official bond of the county auditor, the $853.90 so paid out by him for the 1922 and 1923 taxes.

By its answer the Fidelity & Deposit Company among other things alleges that the plaintiff, in July, 1927, satisfied his mortgage; that the taxes he now seeks to recover as damages have been repaid to him by the mortgagors, the Sanfords; that plaintiff has been fully repaid and has suffered no damage.

The trial court held that upon the undisputed evidence the plaintiff had been paid back the money paid out by him for these taxes, either in money or securities, and that he had suffered no damage. Our consideration of the evidence leads to the conclusion that the trial court was right in so holding.

We shall not attempt more than a brief outline of the further facts in the case. The first mortgage was foreclosed June 30, 1926,

and the property bid in by the holder thereof, the Metropolitan National Bank, for the amount due on that mortgage at that time and the costs of foreclosure, amounting in all to $9,084.09. Plaintiff in due time gave notice of intention to redeem but did not in fact redeem. His right to redeem expired on July 5, 1927. No redemption was made by anyone, and title to the property became vested in the Metropolitan National Bank as of July 5, 1927. Negotiations, commenced, we take it, prior to that date, between plaintiff, the Sanfords, and the bank, resulted in a plan and agreement for refinancing so as to permit the Sanfords to retain the property and also protect the plaintiff by a new mortgage on the property. The refinancing plan was carried out during the time from July 20 to July 29, 1927. The Metropolitan bank agreed to accept the amount for which it had bid in the property at foreclosure sale, plus a small sum paid out by it after the sale for insurance, with interest on such sums, and to then reconvey the property to Luverne J. Sanford. This was done. To obtain the necessary funds to pay the bank, one Slater was procured to and did loan the Sanfords $7,500 on a first mortgage on the property, and plaintiff advanced the balance, amounting to $2,192.18. For the purpose of obtaining the new loan from Slater and to clear the title, it was necessary to pay the delinquent and current taxes, and plaintiff advanced the money for that purpose, including the $853.90 taxes for the years 1922 and 1923, which he now seeks to recover as damages. Prior to that time the Sanfords had made payments on plaintiff's mortgage so as to reduce the amount due thereon to $4,568.67. The Sanfords then gave plaintiff a new note and mortgage for $8,320, subject to the Slater mortgage for $7,500. This new mortgage covered the amount then owing on plaintiff's old mortgage, the money advanced by plaintiff to pay the bank, and the money advanced and paid by him for taxes, including the $853.90 for the taxes of 1922 and 1923, and plaintiff then satisfied his prior mortgage. The Sanfords, as additional security, gave plaintiff an assignment of the rents and income from the property in the future, with authority to collect and apply the same upon his new mort-

gage. Up to the time of the trial plaintiff had received rents from the property in at least the sum of $2,573, and his new mortgage had thereby been reduced to $5,747.

Primarily the Sanfords were the ones who should pay the taxes on their property. By each of their mortgages they agreed to pay the taxes. We think they have paid them by having the plaintiff advance and pay the taxes for them, giving him security for repayment thereof, and thereafter paying to him a much greater sum than these taxes, to be applied in payment on the security. Neither does the evidence show any damage. Plaintiff now has much better security for the amount owing him than he had at the time he purchased the prior mortgage in 1925. He then had a mortgage for $5,900, subject to a prior mortgage for $10,000. He now has, or had at the time of the trial, a mortgage for $5,747, subject to a prior mortgage for $7,500, besides holding an assignment of the rents and profits from the property. The only evidence as to the value of the property is that it is worth $15,000, or not to exceed that sum.

Plaintiff's counsel contends that the damages accrued in January, 1925, when plaintiff purchased the original mortgage; and, as the property was then worth less than the first and second mortgages, he is entitled to recover. But this action was not commenced until in December, 1927, and tried in April, 1929; and if in the meantime he had received payment or satisfaction of the debt or damage he cannot now complain.

All the testimony and exhibits in the case have been examined and considered. We do not deem it necessary here to set out further items of evidence.

Judgment affirmed.